```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


DEBORAH GILL, et al.,              :    CIVIL ACTION
                                   :    NO. 13-7254
        Plaintiffs,                :
                                   :
     v.                            :
                                   :
FORD MOTOR COMPANY,                :
                                   :
        Defendant.                 :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              June 20, 2014

Plaintiffs Deborah and Samuel Gill ("Plaintiffs"), on behalf of themselves and a putative nationwide class of consumers, seek monetary and injunctive relief arising from Defendant Ford Motor Company's ("Defendant" or "Ford") alleged breach of express and implied warranties and common law fraud. Ford has moved to dismiss Count III (Common Law Fraud) of Plaintiffs' Amended Complaint. For the reasons that follow, the Court will grant the motion to dismiss.

I.   BACKGROUND

This case arises from alleged defects in a 5.4 liter engine installed in certain Ford vehicles, including the 2005 Ford Expedition owned by Plaintiffs. Plaintiffs allege that, in February 2012, their Expedition lost power while Deborah Gill was driving, causing her to lose control of the vehicle. Am.

Compl. ¶ 21, ECF No. 15. Plaintiffs sought to repair the vehicle, and they paid $408.91 to have the throttle body assembly replaced. Id. Then, after additional problems arose in May 2013, they again replaced the throttle body assembly at a cost of $341.10. Id. ¶ 22. The repairs were conducted by two Ford dealerships, Courtesy Ford and Pine Belt Ford, both located in the state of Mississippi, where Plaintiffs reside. Id.

According to Plaintiffs, Defendant was on notice that various unspecified defects existed in parts of the 5.4 liter engine that could cause an array of problems, including loss of power. Id. ¶¶ 6-7, 14. Plaintiffs allege that Defendant issued a series of "Technical Service Bulletins" to their dealership network regarding how to repair the engine problems. Id. ¶ 7. Plaintiffs further allege that, although the repairs were covered by an express warranty, they were forced to pay out-of-pocket for the repairs. Id. ¶¶ 15, 18, 21-22. On October 17, 2013, Plaintiffs wrote to Defendant's Customer Relationship Center to inform Defendant of the engine problems and associated repairs and to request reimbursement under the applicable warranties. Id. ¶ 27. Defendant refused to reimburse Plaintiffs, stating that their vehicle was beyond the warranty period. Id. ¶ 27 & Ex. A.

**II. PROCEDURAL HISTORY**

On December 12, 2013, Plaintiffs commenced this action by filing a complaint in federal court. ECF No. 1. After Defendant filed a motion to dismiss (ECF No. 7), Plaintiffs filed an amended complaint (the operative complaint) on February 24, 2014 (ECF No. 15). The Amended Complaint brings the following five counts:

| | |
|---|---|
| Count I | Breach of Express Warranty |
| Count II | Breach of Implied Warranty |
| Count III | Common Law Fraud |
| Count IV | Quasi-Contract/Unjust Enrichment/Restitution |
| Count V | Injunctive Relief |

Am. Compl. ¶¶ 37-86.

On March 7, 2014, Defendant answered and filed a motion to dismiss Counts III and IV and to strike the class allegations. ECF Nos. 17 & 18. Plaintiffs responded on March 26, 2014 (ECF No. 19), and the Court held a hearing on June 17, 2014. At the hearing, Plaintiff voluntarily withdrew Count IV, and that count will be dismissed. The Court subsequently denied Defendant's motion to strike. ECF No. 26. The motion to dismiss Count III remains pending and is ripe for resolution.

**III. LEGAL STANDARD**

A party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering such a motion, the Court must "accept

as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." DeBenedictis v. Merrill Lynch & Co., 492 F.3d 209, 215 (3d Cir. 2007) (internal quotation marks removed). To withstand a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. Although a plaintiff is entitled to all reasonable inferences from the facts alleged, a plaintiff's legal conclusions are not entitled to deference and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

The pleadings must contain sufficient factual allegations so as to state a facially plausible claim for relief. See, e.g., Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). In deciding a Rule 12(b)(6) motion, the Court limits its inquiry to the facts alleged in the complaint

4

and its attachments, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon these documents. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**IV. DISCUSSION**

Defendant contends that Count III of Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted.[1] See Fed. R. Civ. P. 12(b)(6). In particular, Defendant argues that Plaintiffs have not stated a claim because they do not describe the nature of any misrepresentation or the details surrounding any omission, nor do they allege facts showing how they justifiably relied on any such misrepresentation or omission. Plaintiffs disagree, asserting that the facts alleged in their Amended Complaint are sufficient to state a fraud claim.

---

[1] Defendant also argues in the alternative that the fraud claim should be dismissed under the "economic loss rule." The Court does not reach that argument, however, because – for the reasons expressed herein – it agrees with Defendant that Plaintiffs have not alleged sufficient facts to state a claim for relief.

5

Under Mississippi law, which both parties agree governs the fraud claim, a plaintiff asserting fraud must be able to prove by clear and convincing evidence the following elements:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury.

Levens v. Campbell, 733 So. 2d 753, 761-62 (Miss. 1999). Because "silence, in the absence of a duty to speak, is not actionable," Frye v. Am. Ben. Fin., Inc., 307 F. Supp. 2d 836, 842 (S.D. Miss. 2004), in order to bring a fraud claim based upon an omission of material information, a plaintiff also must show either that there was fiduciary relationship between the parties that created a legal duty to disclose the material fact, or that the defendant "took some action, affirmative in nature, which was designed or intended to prevent and which did prevent the discovery of the facts giving rise to the fraud claim," Rankin v. Brokman, 502 So. 2d 644, 646 (Miss. 1987). See also Mabus v. St. James Episcopal Church, 844 So. 2d 747, 762 (Miss. 2004).

In this case, the theory of fraud that Plaintiffs are asserting is, at best, unclear. Indeed, Plaintiffs have been notably inconsistent in describing the factual basis for their claim. In their Amended Complaint, Plaintiffs assert that Ford

6

"failed to notify" consumers about known defects, "knowingly concealed" those defects from the public, and advised "its dealership network that the repairs and/or replacements required were not covered by the warranties issued with each vehicle," which caused Plaintiffs to pay for their repairs out-of-pocket. Am. Compl. ¶¶ 62-68. In their response to Defendant's motion, Plaintiffs' theory changed somewhat. Instead of focusing on Defendant's alleged failure to notify consumers of known defects in their vehicles, Plaintiffs asserted that Defendant committed fraud by (1) affirmatively misrepresenting to Plaintiffs in an October 31, 2013 written statement that their repairs were not covered by warranty; and (2) committing "fraud by omission" when dealerships Courtesy Ford and Pine Belt Ford "did not disclose [to Plaintiffs] that the repairs were covered by warranty." Pl. Resp. Opp'n Def. Mot. Dismiss 4-6. During the June 17 hearing, Plaintiffs' theory changed yet again. There, Plaintiffs seemed to concede that the October 31, 2013, written statement was made after the fact (and thus could not have been relied upon), and they stated that Ford did in fact notify its dealerships that the repairs were covered by warranty. Plaintiffs' fraud theory instead became that the dealerships affirmatively misrepresented to Plaintiffs that their repairs were not covered by warranty, in direct contradiction to Ford's instruction, and that Ford is

7

liable for that misrepresentation under an agency theory of liability.

These discrepancies highlight the problems with Plaintiffs' pleading of their fraud claim. Essential to a fraud claim is that there has been a misrepresentation that was justifiably relied upon. Levens, 733 So. 2d at 761-62. Yet Plaintiffs have not alleged any facts suggesting that such a misrepresentation occurred. The only specific affirmative misrepresentation that Plaintiffs identify in their Amended Complaint is Ford's statement that it would not reimburse Plaintiffs for their repairs because their vehicle was out of warranty. That representation occurred on October 31, 2013, well after Plaintiffs had paid for the repairs. It is therefore entirely unclear how Plaintiffs can be said to have relied upon that representation to their detriment, and, presumably for that reason, Plaintiffs appeared to abandon this fraud theory during oral argument.

The only other affirmative misrepresentation Plaintiffs have pointed to is their assertion during the June 17 hearing that the dealerships affirmatively stated to Plaintiffs that their repairs were not covered by warranty. That assertion appears nowhere in the Amended Complaint, which instead represents only that "Plaintiffs were never informed of any applicable warranty which would cover the costs of [the]

8

repair." Am. Compl. ¶ 22. Moreover, even as described at the hearing, that alleged misrepresentation is not supported by any actual facts. Plaintiffs simply asserted that a misrepresentation had occurred, without describing its content, when it occurred, or who made it. Plaintiffs have therefore failed to plead sufficient facts to raise their right to relief "above the speculative level." See Twombly, 550 U.S. at 555. Accordingly, they have failed to state a plausible claim for relief based upon any affirmative misrepresentation by Defendant.

That leaves only the possibility for a fraud by omission claim, which, under Mississippi law, requires either a fiduciary relationship between the parties or an affirmative act of concealment of material information by the defendant. Rankin, 502 So. 2d at 646. Plaintiffs do not assert that they had a fiduciary relationship with Ford, but instead seek to support their claim by stating that the two dealerships that conducted the repairs "actively concealed that plaintiffs' repairs were covered by warranty." Pl. Resp. Opp'n Def. Mot. Dismiss 5-6. But Plaintiffs do not allege any facts revealing what affirmative action was taken by Ford or its dealerships to conceal warranty information. Instead, they merely characterize the omission itself as an act of concealment, which is inadequate under Mississippi law. See Mabus, 884 So. 2d at 762 ("An affirmative

9

act of concealment is necessary" to bring a fraud by omission claim); see also Twombly, 550 U.S. at 555 (requiring "more than labels and conclusions" to state a plausible claim for relief). Plaintiffs have therefore failed to state a facially plausible claim of fraud by omission under Mississippi law.

Because the Amended Complaint does not contain sufficient factual allegations to state a facially plausible fraud claim based upon either a misrepresentation or an omission, the Court will grant Defendant's motion to dismiss Count III pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]

**V. CONCLUSION**

For the foregoing reasons, the Court will dismiss Count III of the Amended Complaint with prejudice.[3] The Court will also

---

[2] Even if the allegations in Count III could satisfy Rule 12(b)(6), the claim would still fail under Federal Rule of Civil Procedure 9(b), which requires a plaintiff alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." As described by the Third Circuit, Rule 9(b) requires a fraud claim to be pleaded "with sufficient particularity to place the defendant on notice of the precise misconduct with which it is charged." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007). As is evident from their ever-changing theory of fraud liability, Plaintiffs here have not described the factual basis for their fraud claim with sufficient particularity to put Ford on notice of the precise misconduct with which it is charged.

[3] Plaintiffs have not requested a second opportunity to amend their complaint, and the Court will not afford them one. Plaintiffs were placed on notice of the deficiencies in their pleadings by Defendant's first motion to dismiss, and they have had an opportunity to cure those deficiencies. Furthermore,

act of concealment is necessary" to bring a fraud by omission claim); see also Twombly, 550 U.S. at 555 (requiring "more than labels and conclusions" to state a plausible claim for relief). Plaintiffs have therefore failed to state a facially plausible claim of fraud by omission under Mississippi law.

Because the Amended Complaint does not contain sufficient factual allegations to state a facially plausible fraud claim based upon either a misrepresentation or an omission, the Court will grant Defendant's motion to dismiss Count III pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]

**V. CONCLUSION**

For the foregoing reasons, the Court will dismiss Count III of the Amended Complaint with prejudice.[3] The Court will also

---

[2] Even if the allegations in Count III could satisfy Rule 12(b)(6), the claim would still fail under Federal Rule of Civil Procedure 9(b), which requires a plaintiff alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." As described by the Third Circuit, Rule 9(b) requires a fraud claim to be pleaded "with sufficient particularity to place the defendant on notice of the precise misconduct with which it is charged." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007). As is evident from their ever-changing theory of fraud liability, Plaintiffs here have not described the factual basis for their fraud claim with sufficient particularity to put Ford on notice of the precise misconduct with which it is charged.

[3] Plaintiffs have not requested a second opportunity to amend their complaint, and the Court will not afford them one. Plaintiffs were placed on notice of the deficiencies in their pleadings by Defendant's first motion to dismiss, and they have had an opportunity to cure those deficiencies. Furthermore,

grant Defendant's motion to dismiss Count IV as unopposed. An appropriate order follows.

---

Plaintiffs acknowledged at the June 17 hearing that they had pleaded all the facts they had, meaning that any amendment would be futile. See Heyl & Patterson, Int'l, Inc. v. F.D. Rich Hous. of V.I., Inc., 663 F.2d 419, 425 (3d Cir. 1981) (providing that a motion to amend under Federal Rule of Civil Procedure 15(a)(2) may be denied due to "repeated failure to cure deficiency by amendments previously allowed or futility of amendment," among other things).